STATE *ex rel.* WEST, *Atty. Gen.,* v. FRAME.

No. 5045. Opinion Filed July 8, 1913.

(134 Pac. 403.)

STATES—Officers—Appointment to Fill Vacancy. Section 13, art. 6, of the Constitution, and section 4798, Comp. Laws 1909 (Rev. Laws 1910, sec. 4278), are the only acts in force in this state which provide for filling vacancies in office when any such office "shall become vacant." By virtue of said sections, when any state office shall become vacant, it is the duty of the Governor "to appoint a person to fill such vacancy who, (if the office is one which the law requires to be filled by appointment),

shall continue in office until a successor shall have been duly * · * * appointed and qualified according to law." Said sections do not authorize or require such an appointment to be "by and with the advice and consent of the Senate."

(Syllabus by the Court.)

Original petition in *quo warranto* by the state, on relation of Charles West, Attorney General, against Lon M. Frame. Petition dismissed.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for petitioner.

*Stuart, Cruce & Gilbert,* for respondent.

KANE, J.  This is an original petition in *quo warranto,* wherein it is alleged that "the respondent, a citizen of the state of Oklahoma, unlawfully holds, intrudes into, and usurps the office of member of the State Board of Public Affairs of the State of Oklahoma, in this to wit, viz., that on the —— day of March, 1911, there being a vacancy in the membership of said State Board of Public Affairs, and the Legislature not being then in session, the respondent herein was appointed by the Honorable Lee Cruce, Governor of said state, as a member of said State Board of Public Affairs; that thereafter, to wit, on the — day of December, 1912, the Governor aforesaid called the State Senate of the state of Oklahoma in extraordinary session for the purpose, among other things, of confirming or rejecting the appointment of this respondent as a member of such State Board of Public Affairs; that thereafter the Governor aforesaid presented the appointment of this respondent as a member of such board to said State Senate for confirmation, and on the 7th day of January, 1913, the matter of said confirmation came regularly before said State Senate for action, and said Senate then and there refused to consent to such appointment, and rejected such confirmation, and thereupon the secretary of said Senate was directed to notify the Governor aforesaid that the confirmation of this respondent as a member of such State Board

of Public Affairs had been that day rejected, which was accordingly done."

The cause is briefed upon the theory that upon said office becoming vacant, the appointment made by the Governor to fill such vacancy must be "by and with the advice and consent of the Senate," and it is contended on the one side that a certain action, which was taken by the Senate with that in view, was in effect a confirmation, whilst on the other it is contended that the action of the Senate was in effect a rejection of the appointment by the Governor, and that upon such rejection the office at once became vacant. In our opinion, there is no constitutional provision or legislative enactment which requires or authorizes an appointment, made by the Governor of a person to fill any office which has "become vacant," to be "by and with the advice and consent of the Senate."

It is alleged, and it is a fact, that the office in question had become vacant by the resignation of the person who had been appointed to fill the same, pursuant to the terms of section 7384, Comp. Laws 1909 (Rev. Laws 1910, sec. 8079). which section provides that:

"The members of said board shall be appointed by the Governor, by and with the advice and consent of the Senate, for a term coterminous with that of the Governor making the appointment."

The foregoing section has direct reference to the original appointment, but when such an office "shall become vacant," section 13 of article 6 (162), Williams' Ann. Const. Okla., seems exactly to fit the situation thus presented. The latter section provides that:

"When any office shall become vacant the Governor, unless otherwise provided by law, shall appoint a person to fill such vacancy, who shall continue in office until his successor shall have been duly elected or appointed and qualified according to law."

The petition alleges that this office has become vacant. The Constitution provides that when that contingency arises, "the Governor, unless otherwise provided by law, shall appoint

a person to fill such vacancy." We know of no law, and none has been called to our attention, which otherwise provides. The same section of the Constitution further provides that the person thus appointed "shall continue in office until his successor shall have been duly elected or appointed." This contingency has not arisen. How then can it be said that the respondent is an usurper? The constitutional provision fits so completely the situation presented by the petition that we are unable to see the slightest basis for the contention that such an appointment must be confirmed by the Senate. A diligent search of the statutes continued in force by the Schedule, and those enacted since statehood, fails to disclose any act which in any way conflicts with section 13, article 6, of the Constitution, *supra*. Indeed it seems to be conceded that the Governor, "when any office shall become vacant," has power to fill such vacancy. If this is so, it follows that the balance of the section, which provides that such appointee "shall continue in office until his successor shall have been duly elected or appointed and qualified according to law," must be given effect.

From the pleadings and briefs of counsel it is apparent that the proceeding is based upon the erroneous belief that we have a statute or constitutional provision which approximates that part of section 2 of article 2 of the federal Constitution which provides that "the President shall have power to fill up all vacancies that may happen during the recess of the Senate by granting commissions which shall expire at the end of their next session." We have no law which specifically provides for recess appointments for the purpose of filling vacancies. Our nearest approach to such a law is section 13 of the Constitution, *supra,* and the important differences between the federal provision and it are that the former provides for recess appointments only, and commissions issued pursuant to it expire at the end of the next session of the Senate, whilst the latter provides for appointments by the Governor

"when any office shall become vacant," and a person thus appointed "shall continue in office until his successor shall have been duly elected or appointed and qualified according to law."

The Attorney General contends that the territorial act of December 3, 1890, entitled "An act defining the powers and duties of the Governor of the territory of Oklahoma" (sections 6581, 6582, Wilson's Rev. & Ann. St. 1903), were extended over and put in force in the state by the terms of the Enabling Act and the Schedule to the Constitution, and that the latter section provides for recess appointments by the Governor to fill vacancies until the next session of the Legislature. The two sections read as follows:

"(6581) The Governor shall nominate, and by and with the advice and consent of the council (expressed by a majority of all the councilors elected, voting by yeas and nays) appoint and commission all territorial officers."

"(6582) In case a vacancy should occur in any territorial office, when the Legislative Assembly is not in session, the Governor shall make a temporary appointment until the next session of the Legislature, when he shall nominate some person to fill such office and, if confirmed by the council, the person so nominated shall hold office during the remainder of the term and until his successor shall be appointed and qualified. Any person once rejected by the council, shall not be renominated for the same office."

It is apparent that the last section is a complement of the first, and that whilst both fitted conditions in the territory of Oklahoma, they were supplanted, either by provisions of the Constitution relating to the same subjects, or were locally inapplicable upon the adoption of the Constitution. Prior to statehood there was no such office as the State Board of Public Affairs, and, of course no such officer as the respondent, to which said sections could possibly apply. But, contend counsel for petitioner in his brief:

"While a statute is presumed to speak from the time of its enactment, it embraces all such persons or things as subse-

quently fall within its scope, and ceases to apply to such as thereafter fall without its scope."

*De Lima v. Bidwell,* 182 U. S. 197, 21 Sup. ·Ct. 753, 45 L. Ed. 1041.

The foregoing general rule has no application to the class of laws now under consideration. The purpose of the Congress in the Enabling Act, and the constitutional convention in the Schedule, was to provide the temporary means necessary for putting the government established by the Constitution in motion without disorder or collision, and not to provide a permanent system of laws for the government of the new state. *Arie v. State,* 1 Okla. Cr. 666, 100 Pac. 23; *State v. Chaney et al.,* 23 Okla. 788, 102 Pac. 133; *Frick v. Oats,* 20 Okla. 473, 94 Pac. 682. As stated in the preamble to the Schedule, such laws were continued in force in the state "in order that no ·inconvenience may arise by· reason of a change from the forms of government now existing in the Indian Territory and in the Territory of Oklahoma." The laws which it was intended should be continued in force were those laws only "which are not repugnant to this Constitution," and which "are not locally inapplicable." Section 2, Schedule. Any of the laws in force in the territory of Oklahoma prior to statehood that did not meet these requirements at the time the Constitution was adopted never became a part of the law of the state, and of course could not become vital and embrace such persons or conditions as subsequent acts might possibly bring within their scope. Such situations, if created by acts of the Legislature, must be provided for by the legislative department of the state, and the old laws of the territory of Oklahoma, which were locally inapplicable upon the adoption of the Constitution, cannot be relied upon to supply omissions although the subsequent acts may fall within their scope. Moreover, section 6582 seems to be in conflict with the later territorial act of 1895 (section 4798, Comp. Laws 1909; Rev. Laws 1910, sec. 4278), which provides:

"All vacancies in office, except in offices of members of the legislative assembly, shall be filled by appointment: 1st. In state offices, by the Governor. 2nd. In county offices, in newly organized counties where no election has been held, by the Governor. 3rd. In all other county offices by the county commissioners, and in the board of county commissioners, by the Governor; in all township offices by the board of county commissioners; provided, however, that if the vacancy is caused by the death, resignation or removal of an elected officer, the person appointed to fill such vacancy shall be from the same political party to which the officer elected belonged, and shall serve until the next general election."

We, therefore, conclude that section 13, article 6, of the Constitution, and section 4798, Comp. Laws 1909 (Rev. Laws 1910, sec. 4278), are the only acts in force in this state which provide for filling public offices when the same "shall become vacant;" that said sections, when construed together, constitute a complete and harmonious method for accomplishing that purpose; that by virtue of said sections, when any state office shall become vacant, it is the duty of the Governor "to appoint a person to fill such vacancy who (if the office is one which the law requires to be filled by appointment), shall continue in office until a successor shall have been duly * * * appointed and qualified according to law." Said sections do not authorize or require such an appointment to be "by and with the advice and consent of the Senate."

From what we have said, it follows that the petition herein does not state facts sufficient to constitute a cause of action, and the proceeding must therefore be dismissed.

All the Justices concur.