RE: NEW APPOINTEE TO REAL ESTATE COMMISSION
THIS LETTER IS IN RESPONSE TO YOUR INQUIRY AS TO WHETHER A GOVERNOR'S APPOINTEE TO THE REAL ESTATE COMMISSION MAY LEGALLY PERFORM DUTIES OF OFFICE, BE COMPENSATED FOR SERVICES RENDERED AND REIMBURSED FOR TRAVEL EXPENSES BEFORE BEING CONFIRMED BY THE SENATE. AS I UNDERSTAND THEM, THE PERTINENT FACTS ARE THAT FORMER COMMISSIONER TERRY GARTSIDE RESIGNED PRIOR TO EXPIRATION OF HIS TERM OF OFFICE ON OR ABOUT JANUARY 20, 1988, AND GOVERNOR BELLMON APPOINTED ROBERT TRABAND TO REPLACE MR. GARTSIDE, EFFECTIVE JANUARY 21, 1988, DURING THE CURRENT LEGISLATIVE SESSION. YOU WISH TO KNOW WHETHER MR. TRABAND MAY VOTE, BE COUNTED TO CONSTITUTE A QUORUM, AND OTHERWISE ASSUME THE DUTIES OF A REAL ESTATE COMMISSIONER, AND ALSO BE COMPENSATED FOR HIS SERVICES AND REIMBURSED FOR TRAVEL EXPENSES BEFORE HE HAS BEEN CONFIRMED BY THE SENATE.
IN ORDER TO ANSWER YOUR QUESTION, AT LEAST THREE (3) FACTORS MUST BE CONSIDERED: (1) WHETHER THERE IS A VACANCY IN OFFICE; (2) WHETHER THE LEGISLATURE IS IN OR OUT OF SESSION, AND (3) WHETHER THERE IS A STATUTE WHICH SPECIFIES HOW VACANCIES ON THE REAL ESTATE COMMISSION ARE TO BE FILLED. IF THERE IS A VACANCY IN OFFICE, AND IF THERE EXISTS NO STATUTE SPECIFYING HOW SUCH VACANCY SHOULD BE FILLED, THEN PURSUANT TO THE OKLAHOMA CONSTITUTION AND STATUTES, THE GOVERNOR HAS THE POWER TO APPOINT A PERSON TO FILL A VACANCY IN OFFICE, AND THE ADVICE AND CONSENT OF THE SENATE IS NOT REQUIRED BEFORE THE APPOINTEE CAN ASSUME THE DUTIES OF OFFICE. SEE OKLA. CONST. ARTICLE VI, SECTION 13/51 O.S. 10(A) (1987)/. A.G. OPIN. NO. 87-067 (COPY ENCLOSED), AND STATE V. FRAME, 134 P. 403
(OKLA. 1913) (COPY ENCLOSED). ON THE OTHER HAND, IF THERE IS A VACANCY IN OFFICE, AND IF THERE IS A STATUTE WHICH PROVIDES THAT SUCH VACANCY SHALL BE FILLED BY APPOINTMENT BY THE GOVERNOR, WITH THE ADVICE AND CONSENT OF THE SENATE, BUT IF THE LEGISLATURE IS OUT OF SESSION WHEN SUCH APPOINTMENT IS MADE, THEN THE APPOINTEE MAY IMMEDIATELY AND LEGALLY ASSUME THE DUTIES OF OFFICE AND BE COMPENSATED THEREFOR; HOWEVER, THE APPOINTEE IS SUBJECT TO BEING DISAFFIRMED BY THE SENATE WHEN IT SUBSEQUENTLY RECONVENES. SEE A.G. OPINION ISSUED TO THE HONORABLE FRANK CARTER, STATE AUDITOR, DATED 2-13-33 (COPY ENCLOSED); AND 38 AM. JUR. 2D 7. THE RATIONALE IS THAT SUCH APPOINTMENT SHOULD BE VALID BECAUSE OTHERWISE, THERE IS NO ONE TO PERFORM THE DUTIES OF OFFICE WHILE THE LEGISLATURE IS OUT OF SESSION.
A DIFFERENT RESULT OBTAINS, HOWEVER, WHERE THE LEGISLATURE IS IN SESSION WHEN AN APPOINTMENT IS MADE TO FILL A VACANCY IN OFFICE, AND THERE EXISTS A STATUTE WHICH SPECIFIES THAT SUCH APPOINTMENT SHALL BE WITH THE ADVICE AND CONSENT OF THE SENATE. IN SUCH A CASE, THE APPOINTMENT IS NOT EFFECTIVE UNTIL THE SENATE CONFIRMS THE APPOINTEE.
IN THE PRESENT CASE THE FACTS ARE THAT: (1) THERE IS A VACANCY IN OFFICE BECAUSE 51 O.S. 8 (1981) PROVIDES THAT AN OFFICE BECOMES VACANT WHEN AN INCUMBENT RESIGNS BEFORE THE END OF HIS TERMS OF OFFICE; (2) THE LEGISLATURE WAS IN SESSION WHEN GOVERNOR BELLMON APPOINTED MR. TRABAND; AND (3) 59 O.S. 858-202 SPECIFIES THAT "VACANCIES WHICH MAY OCCUR IN THE MEMBERSHIP OF THE (REAL ESTATE) COMMISSION SHALL BE FILLED BY APPOINTMENT OF THE GOVERNOR WITH THE ADVICE AND CONSENT OF THE SENATE." (EMPHASIS ADDED). BASED ON THESE FACTS, MR. TRABAND'S APPOINTMENT IS NOT EFFECTIVE UNTIL THE SENATE CONFIRMS IT.
THEREFORE, IN MY INFORMAL OPINION, MR. TRABAND CANNOT VOTE, BE COUNTED TO CONSTITUTE A QUORUM, OR OTHERWISE ASSUME THE DUTIES OF A REAL ESTATE COMMISSIONER, NOR MAY HE RECEIVE COMPENSATION FOR ANY SERVICES HE RENDERS OR REIMBURSEMENT FOR TRAVEL EXPENSES UNTIL SUCH TIME AS THE SENATE CONFIRMS HIS APPOINTMENT.
(KATHLYN A. RHODES)